CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS
STATE OF LOUISIANA

NO. 10 - 8158                  DIVISION

ABE V MACKEY

VERSUS

SOUTHERN FIDELITY INSURANCE COMPANY

FILED._____        _____
                                                          DEPUTY CLERK

### PETITION FOR DAMAGES

The petition of ABE V MACKEY (hereinafter referred to as MACKEY) a person of the full age of majority and residents of and domiciled in the Parish of Orleans, respectfully represents as follows

I

Made defendant herein is

1. SOUTHERN FIDELITY INSURANCE COMPANY, (hereinafter SFIC), a foreign insurer authorized to do and doing business the State of Louisiana

II

Petitioner seeks compensatory and punitive damages from SFIC as a result of its wrongful conduct, for the following reasons, to wit

### FACTUAL BACKGROUND

III

At all pertinent times, MACKEY owned immovable property with improvements and personal property at 2765 Clover Street in New Orleans, Louisiana.

IV

Mackey purchased a homeowner's insurance policy, policy number FZH 0363179 (the "All Risk Policy") from SFIC, which was in full force and effect at the time of its subject loss.

V

MACKEY purchased said policy with the reasonable expectation that they would be able to recover for any and all losses to said residences and personal property caused by hurricanes, including any and all damage proximately and efficiently caused by hurricane wind

-1-



VI

MACKEY trusted and relied upon SFICs representations that the subject policy would cover any damage caused by a hurricane and, thus, reasonably believed that the Insurance Policy made the subject of this litigation would cover any and all hurricane damage.

VII

The amount of insurance coverage for MACKEY was based on the estimated cost of replacing the residence, an amount estimated by SFIC or an agent authorized by them to determine the replacement cost of each individual home

VIII.

On September 1st, 2008, Hurricane Gustav made landfall near Cocodrie, Louisiana, as a Category 2 hurricane, passing just west of the City of New Orleans   Winds of up to 67 mph and gusts up to 86 mph hit the City of New Orleans

IX

As a result of the effects of Hurricane Gustav on the New Orleans region, MACKEY had substantial damage to his home and the contents of his home were destroyed.

X

Upon returning to the city and evaluating the damage associated with Hurricane Gustav and it's aftermath, MACKEY instituted a claim for loss pursuant to his insurance policy

XI

Despite presenting satisfactory proofs of loss for damage sustained as a result of the hurricane, SFIC continuously utilized dilatory tactics leading to substantial delays in adjusting MACKEY's claims

XII

Additionally, SFIC refused to adequately adjust the claims and make payment of the amount of the claim, despite having been presented with satisfactory proofs of loss for damage sustained as a result of the hurricane

## COUNT I — BREACH OF CONTRACT

XIII

MACKEY repeats and re-alleges the allegations of the foregoing paragraphs as if the same were set forth at length herein.

XIV

A valid contract exists between MACKEY and SFIC in the form of the All Risk Policy, which obligates SFIC to cover the loss of or damage to a dwelling and personal property therein which is caused by wind or windstorms

XV

MACKEY paid all premiums due under their All Risk Policy and materially performed his obligations under that policy

XVI

Upon proper and repeated demands by MACKEY, SFIC has refused to meet its obligations under the All Risk Policy and refused to pay the full extent of damages sustained by MACKEY's home as a result of being destroyed or damaged by the efficient proximate cause of windstorms

XVII

As a direct and proximate result of the breach by SFIC, MACKEY was deprived of the benefit of insurance coverage for which SFIC was paid substantial premiums and, accordingly, MACKEY has suffered substantial damages

XVIII.

MACKEY avers that SFIC negligently failed to exercise reasonable care in fulfilling its duties to MACKEY more particularly, but not limited to:

1) Failing to initiate loss adjustment of a claim after notification of loss,
2) Failing to promptly and adequately adjust the claims presented;
3). Provide an initial tender of payment at prices falling below regional commercial standards,
4). Failing to make complete payment after receipt of satisfactory proofs of loss of that claim,
5). Failing to fulfill the terms and conditions of the insurance contract at issue,
6) Failing to exercise reasonable care in the supervision of subordinates and employees,
7). Failing to exercise reasonable care,
8) Breach of express and implied warranties, and
9) Any and all other acts of negligence to be proven at trial

XIX

As a result of the above referenced conduct, MACKEY has sustained damages in the following non exclusive ways

1  loss of personal property and property value,
2  inconvenience,
3. Metal anguish,
4  loss of use of property,
5. loss of income,
6. loss of profits,
7  loss of business opportunity,
8  as well as other damages to be proven at trial

**WHEREFORE**, ABE V MACKEY, demands judgment against SOUTHERN FIDELITY INSURANCE COMPANY for all amounts due under the All Risk Policy, other compensatory

-3-

damages, interest, attorney's fees, costs, and any further relief this Court deems equitable, just and proper.

## COUNT II — BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

XX

MACKEY repeats and re-alleges the allegations of the foregoing paragraphs as if the same were set forth at length herein

XXI

By selling its All Risk Policy to MACKEY, SFIC assumed a duty of good faith and fair dealing to MACKEY, including an obligation to promptly indemnify MACKEY for the losses.

XXII

Upon returning to the city and evaluating the damage associated with Hurricane Gustav and it's aftermath, MACKEY instituted a claim for loss pursuant to his insurance policy

XXIII

Despite presenting satisfactory proofs of loss for damage sustained as a result of the hurricane, SFIC continuously utilized dilatory tactics leading to substantial delays in adjusting MACKEY's claims

XXIV

Additionally, SFIC refused to adequately adjust the claims and make payment of the amount of the claim, despite having been presented with satisfactory proofs of loss for damage sustained as a result of the hurricane

XXV.

By engaging in the conduct described above, SFIC has violated the duties of good faith and fair dealing owed to MACKEY

XXVI

Moreover, by engaging in the conduct above, SFIC's persistent and systematic actions and failures to act were done with malice and gross negligence and with a disregard for MACKEY'S rights so as to warrant the imposition of punitive damages against SFIC

XXVII

Additionally, that despite the fact that settlement negotiations have taken place, MACKEY contends that SFIC has been arbitrary and capricious in the adjustment and handling of this claim pursuant to La R S 22 1982, formerly La R S 22 658.

XXVIII

MACKEY further contends that the actions of SFIC were arbitrary and capricious and violated the duty to deal with MACKEY in good faith in failing to make a reasonable effort to settle

its claim pursuant to La R S. 22 1973, formerly La R.S. 22·1220.

### XXIX

Pursuant to La R S 22 1973, formerly La R S. 22·1220, SFIC owes MACKEY a "duty of good faith and fair dealing" as well as a duty to "adjust claims fairly and promptly and to make a reasonable effort to settle claims" with MACKEY

### XXX

La. R S 22:1973, formerly La R S 22 1220 prohibits SFIC from, inter alia, "[m]isrepresenting pertinent facts or insurance policy provisions relating to any coverages at issue" and "[f]ailing to pay the amount of any claim when such failure is arbitrary, capricious or without probable cause "

### XXXI

As such, SFIC has breached known duties through a motive of self interest and/or ill will without having a reasonable basis to deny these claims, instead denying claims in an arbitrary and capricious manner and without probable cause

### XXXII

By engaging in all of the above conduct, SFIC has engaged in bad faith conduct in violation of La. R S 22.1973, formerly La R S 22 1220

### XXXIII

As a direct and proximate result of SFIC's bad faith actions, MACKEY has suffered, and will continue to suffer, substantial damages

### XXXIV

**WHEREFORE**, ABE V MACKEY prays that the defendant SOUTHERN FIDELITY INSURANCE COMPANY be duly served and cited to appear and answer the Petition for Damages, and that after due proceedings, that there be judgment in favor of ABE V. MACKEY and against SOUTHERN FIDELITY INSURANCE COMPANY for damages in a true and full sum in excess of FIFTY THOUSAND ($50,000) DOLLARS together with legal interest from the date of judicial demand and for all costs of these proceedings

Respectfully submitted

BY _____

JOSEPH BRUNO, JR. #30229
BRUNO & BRUNO, LLP
855 Baronne Street
New Orleans, LA 70113
Telephone (504) 525-1335
Facsimile (504) 581-1493

Email josephjr@brunobrunolaw com

**A TRUE COPY**

DEPUTY CLERK, CIVIL DISTRICT COURT
PARISH OF ORLEANS
STATE OF LA

-5-

SEE SERVICE INSTRUCTIONS NEXT PAGE

**PLEASE SERVE:**

      **SOUTHERN FIDELITY INSURANCE COMPANY**

      **THROUGH SECRETARY OF STATE, STATE OF LOUISIANA**

      **BATON ROUGE, LOUISIANA**

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

NO. 10-8158                                                                 DIVISION "I"

ABE V. MACKEY

versus

SOUTHERN FIDELITY INSURANCE COMPANY

FILED:_____     _____
                                                                         DEPUTY CLERK

### NOTICE OF FILING OF NOTICE OF REMOVAL

TO:   The Honorable Piper D. Griffin
      District Judge
      Civil District Court for the Parish of Orleans
      405 Civil Courts Building
      421 Loyola Avenue
      New Orleans, Louisiana 70112

      Joseph M. Bruno, Jr., Esq.
      Bruno & Bruno, LLP
      855 Baronne Street
      New Orleans, Louisiana 70113
      Counsel for Plaintiff

**PLEASE TAKE NOTICE** that Southern Fidelity Insurance Company ("SFIC") sought to be made Defendant in this matter, filed in the United States District Court for the Eastern District of Louisiana, a Notice of Removal of the above matter to that Honorable Court.

A copy of the Notice of Removal is hereby served upon counsel of record for the Plaintiff and filed with the Clerk of Court for the Civil District Court for the Parish of Orleans in conformity with 28 U.S.C. §1446(d), as amended.

Respectfully submitted,

_____
MATTHEW D. MONSON (25186), T.A.
KRISTI U. LOUQUE (31845)
**PAJARES & SCHEXNAYDRE, LLC**
68031 Capital Trace Row
Mandeville, Louisiana 70471
Telephone:   (985) 292-2000
Facsimile:   (985) 292-2001
Email: mmonson@pslawfirm.com
       klouque@pslawfirm.com
*Counsel for Southern Fidelity Insurance Company*

- 1 -

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the above and foregoing Notice of Filing of Notice of Removal has been served on all counsel of record by mailing a copy of same in the U.S. Mail, properly addressed and postage prepaid, this 3rd day of September, 2010.

*[signature]*